UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND TURNER, M.D.,

and

MARIA L. TURNER, M.D.,

         Plaintiffs,

vs.

UBS FINANCIAL SERVICES INC.,

and

UBS SECURITIES, LLC,

         Defendants.

Civil Case No. 07cv1375 (RJL)

## ANSWER

Defendants UBS Financial Services Inc. ("UBS Financial") and UBS Securities, LLC ("UBS Securities"), by counsel, and pursuant to Federal Rule of Civil Procedure 12, hereby answers the Complaint of Plaintiffs Robert and Maria Turner ("Plaintiffs"), according to the numbered paragraphs thereof, as follows:

### THE PARTIES

1. Upon information and belief, Defendants admit that Plaintiff Raymond Turner is a resident of the District of Columbia. Defendants lack knowledge or information sufficient to form a belief as the remaining allegations in paragraph 1 of the Complaint; therefore, they are denied.

2. Upon information and belief, Defendants admit that Plaintiff Maria L. Turner is a resident of the District of Columbia. Defendants lack knowledge or information sufficient to form a belief as the remaining allegations in paragraph 2 of the Complaint; therefore, they are denied.

3. Defendants admit the allegations in the first sentence of paragraph 3 of the Complaint. Defendants admit that UBS Financial is a securities broker-dealer with all requisite legal authority to do business in the District of Columbia. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in the first sentence of paragraph 4 of the Complaint. Defendants admit that UBS Securities is a securities broker-dealer with all requisite legal authority to do business in the District of Columbia. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

## JURISDICTION

5. Defendants deny the allegations of paragraph 5, except to admit that Plaintiffs sought to invoke the jurisdiction of the Superior Court of the District of Columbia, but Defendants aver that this Court now has jurisdiction over this action.

6. Defendants deny the allegations of paragraph 6, except to admit that Plaintiffs sought to invoke the jurisdiction of the Superior Court of the District of Columbia, but Defendants aver that this Court now has jurisdiction over this action.

## FACTUAL ALLEGATIONS

7. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint; therefore, they are denied

8. Defendants deny that UBS Securities ever employed Justin Paperny ("Paperny"). Defendants admit that UBS Financial employed Paperny from June 15, 2001 to January 28, 2005,

as a registered representative. Defendants admit that, at some point during his employment with UBS Financial, Paperny held the title "Account Vice President." All remaining allegations in paragraph 8 are denied.

9. Defendants admit that on or about June 20, 2001, the GLT Venture Fund, LP ("GLT Fund") established brokerage account No. JP 88026 at UBS Financial. Defendants admit that Paperny and another registered representative employed by UBS Financial were brokers of record on the GLT Fund account number JP 88026 at UBS Financial. Defendants admit that on or about June 24, 2002, the GLT Fund opened account number IJ 47990 at UBS Financial. Defendants lack knowledge or information sufficient to form a belief as the remaining allegations in paragraph 9 of the Complaint; therefore, they are denied.

10. Defendants lack knowledge or information sufficient to form a belief as the allegations in paragraph 10 of the Complaint; therefore, they are denied.

11. The allegations of Paragraph 11, including the allegations in sub-paragraph 11a through 11k, refer to the contents of a writing which speaks for itself and to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 11 of the Complaint are denied.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint; therefore, they are denied.

13. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint; therefore, they are denied.

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint; therefore, they are denied.

15. Defendants deny Plaintiffs ever sent any new account paperwork to Defendants or opened accounts with Defendants. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15; therefore, they are denied.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint; therefore, they are denied.

17. Defendants deny that Paperny was ever the agent or employee of UBS Securities. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17 of the Complaint; therefore they are denied.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint; therefore, they are denied.

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint; therefore, they are denied.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants admit that they received compensation for rendering services to the GLT Fund accounts maintained at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 21 of the Complaint; therefore, they are denied.

22. Defendants admit that Paperny and another registered representative employed by UBS Financial were brokers of record on the GLT Fund account JP 88026 at UBS Financial. Defendants lack knowledge or information sufficient to form a belief as the remaining allegations in paragraph 22 of the Complaint; therefore, they are denied.

23. The allegations in paragraph 23 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 23 of the Complaint are denied.

24. The allegations in paragraph 24 contain conclusions of law to which no response is required. To the extent a response is deemed necessary the allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 25 of the Complaint are denied.

26. The allegations in paragraph 26 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 26 of the Complaint are denied.

27. Defendants admit that they received compensation for rendering services to the GLT Fund accounts maintained at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 27 of the Complaint; therefore, they are denied.

28. The allegations in paragraph 28 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 28 of the Complaint are denied.

29. The allegations in paragraph 29 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 29 of the Complaint are denied.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the Complaint; therefore, they are denied.

35. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Complaint; therefore, they are denied.

## COUNT ONE

36. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 35 as if said responses were fully set forth herein.

37. The allegations in paragraph 37 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 37 of the Complaint are denied.

38. The allegations in paragraph 38 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 38 of the Complaint are denied.

39. The allegations in paragraph 39 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 refer to the contents of a writing which speaks for itself and to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 40 of the Complaint are denied.

41. The allegations in paragraph 41 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 41 of the Complaint are denied.

42. The allegations in paragraph 42 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 42 of the Complaint are denied.

43. The allegations in paragraph 43 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 43 of the Complaint are denied.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

## **COUNT TWO**

45. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 44 as if said responses were fully set forth herein.

46. The allegations in paragraph 46 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 46 of the Complaint are denied.

47. The allegations in paragraph 47 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 47 of the Complaint are denied.

48. The allegations in paragraph 48 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 48 of the Complaint are denied.

49. The allegations in paragraph 49 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 49 of the Complaint are denied.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

## COUNT THREE

51. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 50 as if said responses were fully set forth herein.

52. The allegations of Paragraph 52 refer to the contents of a writing which speaks for itself and to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 52 of the Complaint are denied

53. The allegations in paragraph 53 of the Complaint, including the allegations in sub-paragraphs 53a though 53g, contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 53 of the Complaint are denied.

54. The allegations in paragraph 54 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 54 of the Complaint are denied.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

## COUNT FOUR

56. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 55 as if said responses were fully set forth herein.

57. The allegations in paragraph 57 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 57 of the Complaint are denied.

58. The allegations in paragraph 58 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 58 of the Complaint are denied.

59. The allegations in paragraph 59 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 59 of the Complaint are denied.

60. The allegations in paragraph 60 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 60 of the Complaint are denied.

61. The allegations in paragraph 61 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 61 of the Complaint are denied.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

## GENERAL DENIAL

Defendants deny any allegations contained in Plaintiffs' Complaint that have not otherwise been specifically admitted or denied herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiffs' claims are not actionable, in whole or in part, because Defendants' conduct was neither negligent nor the proximate cause of any harm suffered by Plaintiffs.

3. Any damages claimed by Plaintiffs were caused by their own actions or the actions of others whose behavior cannot be imputed to Defendants.

4. Punitive damages are not available against the Defendants because Defendants acted without malice and with a good faith belief in the propriety of their conduct and in a good faith effort to comply with the law.

5. To the extent that Plaintiffs have failed to mitigate their damages, their claims or remedies are diminished or barred.

6. Plaintiffs failed to exercise the degree of care required of prudent investors with respect to their financial affairs.

7. The Complaint, and each cause of action therein, is barred by the doctrines of contributory negligence and assumption of risk.

8. Plaintiffs' claims are not actionable, in whole or in part, because Defendants had reasonable supervisory procedures, and a reasonable system for applying such procedures, in place and Defendants reasonably discharged their duties and obligations regarding such procedures and system.

9. Plaintiffs' claims are not actionable, in whole or in part, because they had no accounts with Defendants; therefore, Defendants owed no duty to Plaintiffs as they were not Plaintiffs' clients.

10. Defendants reserve the right to raise additional defenses as may be discovered during the course of this litigation.

WHEREFORE, Defendants request that this matter be dismissed; that affirmative judgment be entered in their favor, with prejudice; and that Defendants be awarded their costs and attorney's fees expended in the defense of this action and such other relief as the Court may deem just and appropriate.

Respectfully Submitted,

_08/09/2007_____        __/s/ Robert P. Howard, Jr._____
Date                          Robert P. Howard, Jr., D.C. Bar # 456449
                              William E. Donnelly, D.C. Bar # 358188
                              Thomas J. McGonigle, D.C. Bar # 418945
                              LECLAIR RYAN, A PROFESSIONAL CORPORATION
                              1101 Connecticut Ave., NW, Suite 600
                              Washington, DC  20006
                              Phone (202) 659-6700
                              Fax (202) 659-4130

                              *Counsel for Defendants UBS Financial Services Inc.
                              and UBS Securities, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2007, a copy of the foregoing was sent via electronic means to the individuals identified on the Court's service list.

                                                            /s/ Robert P. Howard, Jr.